[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 19, 2008
THOMAS K. KAHN
CLERK

No. 08-12162
Non-Argument Calendar

_____

D. C. Docket No. 07-00331-CR-T-27-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN RUSSELL CLAWSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 19, 2008)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Julian Russell Clawson appeals his 78-month sentence for possession of

child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). On appeal, Clawson challenges the reasonableness of his sentence. Clawson argues that his sentence was unreasonable and greater than necessary to satisfy the statutory objectives of § 3553(a). While Clawson does not dispute his Guidelines calculation, he challenges the district court's adherence to the Guidelines range in light of the nature of his offense, his unique history, and the alleged inherent flaws in U.S. SENTENCING GUIDELINES MANUAL § 2G2.2.

Clawson's sentence is subject to review for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005) (per curiam). Reasonableness review requires the application of an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007).

> [We] must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range.

*Id.* at 597. If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. *Id.*

"In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the

2

§ 3553(a) factors." *United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court. . . ." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted). However, "[w]e may find that a district court has abused its considerable discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). "[O]rdinarily, we would expect a sentence within the Guidelines range to be reasonable." *Talley*, 431 F.3d at 788.

"[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.* The § 3553(a) factors include: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities;

3

and (10) the need to provide restitution to victims." *Id.* at 786 (summarizing 18 U.S.C. § 3553(a)).

After correctly calculating Clawson's Guidelines range, the district court considered the § 3553(a) factors. The district court considered "the history and characteristics of the defendant," noting his honorable military career, his difficult childhood, his amenability to treatment, and the difficult circumstances with which he was face at the time the crime was committed. The district court also considered the seriousness of the crime, the need for deterrence, and the need to protect the public. The district court then sentenced Clawson at the bottom of the Guidelines range.

The record demonstrates that Clawson's sentence suffered from no procedural error, as the district court correctly calculated the Guidelines range, considered the Guidelines advisory, and took into account the § 3553(a) factors. Likewise, Clawson has not carried his burden of establishing that his 78 month sentence, which was at the bottom of the applicable Guidelines range, was substantively unreasonable. Because we "ordinarily . . . expect a sentence within the Guidelines range to be reasonable," and because the district court considered the § 3553(a) factors, we conclude that the district court's sentence was reasonable. *Talley*, 431 F.3d at 788.

4

Additionally, Clawson's argument that the district court erred in adhering to the Guidelines because of the inherent flaws in § 2G2.2 is unavailing. Defining and fixing penalties for federal crimes are Congressional, not judicial, functions. *United States v. Evans*, 333 U.S. 483, 486, 68 S. Ct. 634, 636 (1948). *See also Mistretta v. United States*, 488 U.S. 361, 377-78, 109 S. Ct. 647, 658 (1989) (noting that Congress has given the Sentencing Commission the discretion to determine the relative severity of federal crimes, assess the relative weight of the offender characteristics, and decide which types of crimes are to be considered similar for the purposes of sentencing). We decline to hold either that § 2G2.2 is flawed or that the district court abused its discretion by relying on a section of the Sentencing Guidelines. The district court was correct to rely on § 2G2.2 when sentencing.

## CONCLUSION

Having reviewed the record and the briefs of the parties, we discern no error. Accordingly, we affirm Clawson's sentence.

**AFFIRMED.**